IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ARDAMIS DARRELL SIMS, #K-81548,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **SCOBI THOMPSON, W. HARRIS,** ) <br> **D. HESS, A. HAGID, A. LOOS,** ) <br> **J. SMITH, S. MERCIER,** ) <br> **MS. DEMBAR, TRAVIS BAYLER,** ) <br> **JOHN R. BALDWIN,** ) <br> **LT. MILLER, SIGGERS,** ) <br> **CLOVER HILLS, JIMMY DEANS,** ) <br> **KRAFT FOOD, and TYSON FOODS,** ) <br> ) <br> **Defendants.** ) | **Case No. 3:20-cv-00336-SMY** |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ardamis Darrell Sims, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was confined at Pinckneyville Correctional Center ("Pinckneyville"). (Doc. 1).[1]

This case is now before the Court for a preliminary merits review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] On the same day that Plaintiff filed this case, he filed another civil rights action in this Court, *Sims v. Wexford Medical, et al.*, Case No. 20-cv-335-NJR. His initial Complaint in that case was dismissed without prejudice for failure to state a claim (Doc. 10 in Case No. 20-335-NJR) and Plaintiff subsequently filed a First Amended Complaint (Doc. 11 in Case No. 20-335-NJR). His claims of deliberate indifference to medical needs and state-law medical malpractice are proceeding in that matter.

**Discussion**

Plaintiff's statement of claim in the instant Complaint (Doc. 1, pp. 29-33, and Doc. 1-2, p. 1) is identical to the statement of claim in the First Amended Complaint in Case No. 20-335-NJR (Doc. 11, pp. 9-14. Both statements allege that several medical providers at Pinckneyville failed to treat Plaintiff's wrist and shoulder injuries, denied him a low bunk permit, failed to provide him with prescription medication, and failed to properly treat him for gastrointestinal illness caused by eating moldy foods. (See Doc. 13, pp. 2-5, in Case No. 20-335-NJR). To this extent, the claims presented in the two cases are duplicative.

In the instant case, Plaintiff identifies 16 defendants, most of whom are different from those named in Case No. 20-335-NJR. (Doc. 1, pp. 1-2). Of these, only Warden Thompson is mentioned in the statement of claim. Because Plaintiff's claim against Thompson is proceeding in Case No. 20-335-NJR, the claim against him here is duplicative and will not be considered in this case.

The Complaint includes two other individuals (Harris and Hess) in the list of parties (Doc. 1, p. 2) and lists 13 other defendants in the case caption only. (Doc. 1, p. 1). However, there are no allegations against these defendants in the statement of claim. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual or entity. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Because Plaintiff presents no factual allegations regarding what the other defendants did or failed to do that violated his rights, the Complaint fails to state a claim upon which relief may be granted. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Disposition**

Accordingly, Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **January 13, 2021**. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 3:20-cv-00336-SMY). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint – the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail him a civil rights complaint form.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994);

28 U.S.C. § 1915(e)(2).  The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 14, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**