### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ARDAMIS DARRELL SIMS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 3:20-CV-00336 -MAB |
| | ) | |
| SCOTT THOMPSON, ET AL., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Defendants William Harris and Deborah Demsar's motion to dismiss for lack of prosecution (Doc. 29). For the reasons set forth below, the motion is **GRANTED** and this action is **DISMISSED with prejudice** pursuant to Rule 41(b). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

### FACTUAL BACKGROUND

Plaintiff Ardamis Sims, a former inmate with the Illinois Department of Corrections ("IDOC"), filed this *pro se* lawsuit under 42 U.S.C. § 1983 on April 7, 2020 due to alleged constitutional violations that occurred while he was confined at Pinckneyville Correctional Center ("Pinckneyville") (Docs. 1, 14). Plaintiff alleged that during his time at Pinckneyville, he was fed moldy, contaminated, undercooked, and expired food, which made him sick (Doc. 14, p. 1). After a threshold review, pursuant to 28 U.S.C. §

1915A, Plaintiff was allowed to proceed on two counts against Defendants Harris and

Demsar—an Eighth Amendment deliberate indifference claim and an Illinois state law

negligence and intentional infliction of emotional distress claim—based on Plaintiff's

allegations that he was served tainted food (*Id.* at pp. 5-6).

On May 17, 2022, Defendants Harris and Demsar filed a motion to dismiss for lack

of prosecution (Doc. 29). In the motion, Defendants detail that they have been unable to

get into contact with Plaintiff to schedule his deposition. Specifically, Defendants sent

Plaintiff a letter on April 11, 2022, to the address the Court has on file for Plaintiff, and as

of the date of the filing, Plaintiff had not responded (Doc. 29, pp. 1-2). In the motion,

Defendants request the Court to dismiss this case for lack of prosecution pursuant to

Federal Rule of Civil Procedure 41(b) (*See generally* Doc. 29).

Plaintiff did not respond to Defendants' motion to dismiss by the June 16, 2022

deadline, so the Court entered an Order to Show Cause, instructing Plaintiff to respond

to the motion to dismiss and explain why this case should not be dismissed for lack of

prosecution by July 27, 2022 (Doc. 30). The Court explicitly warned Plaintiff that should

he fail to respond, the Court would grant the motion to dismiss for lack of prosecution.

*Id.* Plaintiff did not file a response by July 27, 2022. To date, Plaintiff has filed nothing in

response to Defendants' motion to dismiss (Doc. 29). In fact, as best the Court can tell,

Plaintiff has not filed anything with the Court since March 15, 2021 (*See* Doc. 12).

## ANALYSIS

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action with

prejudice "if the plaintiff fails to prosecute or to comply with the Federal Rules of Civil

Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right

sparingly" and should dismiss a case "only when there is a clear record of delay or

contumacious conduct, or when other less drastic sanctions have proven unavailing" and

an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata*

*v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.,* 721 F.2d

1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008)

(quoting *Sharif v. Wellness Intern. Network, Ltd.,* 376 F.3d 720, 725 (7th Cir. 2004)).

In this matter, Plaintiff is proceeding *pro se*, and the Court is mindful of the

difficulties he faces in doing so. But those difficulties do not excuse him from complying

with Court-imposed deadlines or communicating with the Court. Plaintiff was instructed

of his continuing obligation to keep the Clerk of Court and each opposing party informed

of any change in his address early on in this case on April 7, 2020 (Doc. 2). Plaintiff was

warned that the Court would not independently investigate his whereabouts and if he

failed to comply with this Order outlining his obligation, the Court could dismiss this

entire case for want of prosecution. *Id.*, citing FED. R. CIV. P. 41(b). Plaintiff filed a notice

of change of address with the Court on March 15, 2021, which is the address the Court

still has on file (Doc. 12). This is where the Court, and opposing counsel, send

correspondence. This is the address Defendants' counsel used to send the April 2022

letter, and where the Court sent a copy of its June 27, 2022 Show Cause Order (*See* Docs.

29, 30).   To date, Plaintiff has filed nothing in response to the June 27, 2022 Show Cause

Order or Defendants' motion to dismiss (Docs. 29, 30). Additionally, Plaintiff has not

contacted Defendants to schedule his deposition (Doc. 29).

The Court noted that instead of responding to the Court's Show Cause Order, Plaintiff could simply file a response to the motion to dismiss (Doc. 29). It has been almost three months since Defendants filed their motion to dismiss and approximately two months since Plaintiff's response was due (Docs. 29, 30). It has also been more than one month since the Court entered its Show Cause Order with no response from Plaintiff (Doc. 30). And it has been well over a year since the Plaintiff has filed anything on the Court's docket. Under the circumstances presented here, the Court can only conclude that Plaintiff is no longer interested in pursuing this litigation, and the Court is convinced that dismissal is appropriate. Accordingly, Defendants' motion to dismiss for failure to prosecute is GRANTED and this action will be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (affirming the district court's decision to dismiss as case for failure to prosecute its case or abide by the court's orders and noting the court's inherent "authority under Federal Rule of Civil Procedure 41(b) to enter a *sua sponte* order of dismissal for lack of prosecution.").

## CONCLUSION

This case is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). Defendants' motion to dismiss (Docs. 29) is **GRANTED**. The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

## NOTICE

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the order, or he can first ask the undersigned to reconsider the Order

before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P.

4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: August 17, 2022**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**